Carutiiers, J.,
delivered the opinion of the Court.
The question presented upon this agreed case is, whether the plaintiffs had a right to tax the keeping of a “ livery stable” as a privilege. They made an ordinance levying a tax of ten dollars “for the privilege of keeping a livery stable.” The defendant refusing to pay it a warrant was issued. The Circuit Judge held the ordinance void.
Constitution, Art. 2, sec. 28, provides, that all lands, town lots, &c., shall be taxed according to value. If this were all, no other than an ad valoran tax could be imposed upon any lot, no matter what may be erected upon it, or what occupation followed thereon. But in the same section, power is given to the Legislature “ to tax merchants, pedlars, and privileges.”
By section 29 of the Constitution, “ the General Assembly shall have power to authorize the several counties and incorporated towns in this State, to impose taxes for county and corporation purposes, respectively, in such manner as shall be prescribed by law; and all property shall be taxed according to its value, upon the principles established in regard to State taxation.”
What are privileges, is a question of construction dependent upon the general law. We have defined it in several cases to be the exercise of an occupation, or business, which requires a license from some proper authority, designated by a general law, and not open to all, or any one, without such license. 4 Sneed, 198; 5 Sneed, 258.
It is a power of the Legislature, alone, to create privileges, and forbid their exercise, without license. They have made the keeping of a tippling house, a race track, &c., privileges, but not livery stables. Until this is done by the law making power, that occupation cannot be taxed, as such, any more *415 than the keeping of a blacksmith shop, or a lawyer’s or doctor’s office. This power of creating privileges, has not, (even if it could be,) been delegated to this municipal corporation.
This tax was, then, illegal, and the judgment of the Circuit Court is affirmed.